IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARYIE EARL JONES, #156610, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:06-CV-280-ID |
| | )                       [WO] |
| | ) |
| GREG WHITE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 29, 2006, Laryie Earl Jones ["Jones"], a county inmate and frequent litigant in this court, filed a motion for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a). Under the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The records of this court establish that Jones, while incarcerated or detained, has on three or more occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C.

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

§ 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit.  The cases on which this court relies in finding a violation of § 1915(g) are:  (1) *Jones v. Clark, et al.*, Civil Action No. 2:05-CV-973-MEF (M.D. Ala. 2005); (2) *Jones v. Lanier, et al.*, Civil Action No. 2:04-CV-810-MHT (M.D. Ala. 2004); (3) *Jones  v. McWhorter, et al.*, Civil Action No. 2:04-CV-809-MEF (M.D. Ala. 2004); and (4) *Jones v. City of Samson Police Department, et al.*, Civil Action No. 1:96-CV-1830-ID (M. D. Ala. 1997).

In the instant civil action, Jones complains that in July of 2004 defendant Merrill, an assistant district attorney, slandered his name and subjected him to false imprisonment with respect to four counts of unlawful possession of a controlled substance.  *Plaintiff's Complaint* at 2.  Jones also challenges the constitutionality of his confinement based on these and other criminal charges currently pending against him before the Circuit Court of Covington County. *Id*. at 2-3.  Specifically, he argues that the defendants have "denied bail, denied speedy trial and denied 14 Amendment." *Id*. at 3.  Jones further contends that various state judges and law enforcement officials named as defendants "intentionally participated in a conspiracy because they fail to report to authority or power available or an appropriate disciplinary committee for sanction violation - 18 U.S.C.A. 3162(a)(4) ... and wilfully fails to proceed to trial without justification consistent with [18 U.S.C.A.] section 3161." *Id*. at 2.  Finally, Jones asserts that in January of 2006 the defendants "intentionally sent plaintiff to Kilby Correctional Facility, without been adjudged guilty of any crime [where he remained incarcerated for approximately six weeks which] mounts to

2

kidnapping." *Id*. at 3.

The allegations contained in the complaint fail to demonstrate that Jones was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999). Based on the foregoing, the court concludes that Jones' motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Jones failed to pay the requisite $250 filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)(emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by the plaintiff on March 29, 2006 (Court Doc. No. 2) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before April 17, 2006 the parties may file objections to the

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of April, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE